This is number 289, consent 718, Akers, against the Department of Veterans Affairs, Mr. Carpenter. Thank you, Mr. Carpenter, Karen on behalf of Mrs. Akers. Mrs. Akers alleges two errors by the Veterans Court. The first is a misinterpretation of 38 CFR 3.156A. And the second is that the Veterans Court provides a misinterpretation of 38 CFR 3.155A. In the first instance, the court addressed the regulation. In the second instance, the court did not address the regulation even though the regulation had been submitted for consideration by the court below. Isn't the question on the regulation 3.156A only an issue if the form 9 was deemed a request to be opened? And that's frankly the difficulty with the sort of symbiosis, if you will, of these two regulations. Because in this case, the informal claim was the being done. And the informal claim is created by 3.155A. And that simply requires a writing and an expression of a belief in an indictment of prevention. Then don't we get into the problem of analyzing questions of fact? No, Your Honor, because the facts in this case are not disputed. No, but the fact of whether the form 9 was a proper request to be opened is. That's a question of law, Your Honor. There is no VA form to reopen. Notwithstanding the fact that Congress has required the Secretary to promulgate forms. There's English language which one can use to say I wish to reopen. And this was an appeal, an appeal form. That's correct, Your Honor. And also it was my husband's cause of death as a result of service in Vietnam. And in response to that, the VA wrote her and explained to Mrs. Aker that she had filed that form untimely. And that she had one year to submit new and material evidence. And she did in 2004, didn't she? I beg your pardon? She did in 2004. She did in 2004. And that's the date she died. That's correct. And the question is whether or not when she submitted it, that met the threshold requirements of an informal claim under 3.155A and but for the misinterpretation by the Veterans Court of 3.156A requiring that the application be accompanied by the new and material evidence, the court would have reached that issue. So we have to decide whether under regulation reopening requires simultaneous submission of new evidence or we simply have to decide, not decide, the fact question of whether there was new and material evidence submitted. You do not have to decide the fact question. The fact question, however, we believe is an undisputed fact based upon this record in which the fact being that she did. The fact that she submitted a writing that expressed an entitlement to a belief. The new and material evidence. For an entitlement to a benefit. That's all that's required under 3.155A for an informal claim. The language of 3.155A further provides that the VA within one year will send a form. There is no form. But the VA did send her specific notice that she needed to submit new and material evidence, which she did. The question is, is that new and material evidence retroactive to the date of the VA's receipt of the VA-9? 3.155 deals with informal claims. 3.156 deals with reopening and provides that a claimant may reopen by submitting NME. In other words, the act of reopening requires submission of NME simultaneously. Oh, but I beg to differ, John, because in fact in this case, when Mrs. Akers appealed the question of whether she had submitted new and material evidence, the board eventually found that she had, and that the VA had received new and material evidence. She had no fee or no form. It's not relevant under a 3.156C or 5108 analysis. 5108, the statute, says that the VA must, if new and material evidence is presented or secured, So there is no timing element there. There is no discussion about it is presented at the time of the claim. This is to undo the finality of the claim that she was originally denied from the death of her husband in 2002, that she didn't timely complete the appeal. When she didn't timely complete the appeal, the VA put her on notice that we got your VA-9, but I'm sorry, ma'am, it's out of time. And therefore, you now have one year to submit new and material evidence, which she did. And eventually the board found that she had and assigned the effective date based upon that finding of both new and material evidence and that the claim had been substantiated back to July of 2004. An issue here is a mere 10 months. The VA is quibbling over 10 months over whether or not this widow, who untimely filed to complete her appeal, is entitled to an effective date back to the date in which she untimely filed her VA-9. I beg your pardon, Your Honor. This is supposed to be a pro-claimant, veteran-friendly system, particularly for the dependents of veterans who are not supposed to be under some sort of microscopic consideration of timelines. Now, yes, there are discrete timelines, and she missed the discrete timeline. This case is not about attempting to get an effective date back to the date of death in July of 2002, but merely September of 2003. And she is entitled to that under both of these regulations. The Veterans Court clearly misinterpreted 3.156A when it said it must be accompanied by. There's nothing in the language of the statute of the regulation that requires that. And they refused, did not, because of this misinterpretation, address the issue that was presented, that the VA-9 was, in fact, an informal claim. It met all of the requirements of 3.155A. It was in writing. It expressed a belief of entitlement to a benefit, and the VA responded, and she timely responded. The only error that this widow made was not getting her VA-9 within 60 days of the time of filing the statement of case in May of 2003. And as a consequence, she is losing that benefit from date of death to September of 2003. There is no reason under the VA's regulations that she should lose the benefit of her informal claim, which the VA recognized and responded to in September of 2003. I'll reserve the rest of the questions for the panel. Thank you, Mr. Kirby. Mr. Kirby. Thank you, Your Honors, and please. The central issue in this case is whether the VA-9 and page 55 of the record display an intent to make a new claim for benefits. Is that the issue, or is the issue whether you file, let's call it a notice of appeal, a notice to reopen? And in the other case, you don't file your entire body of evidence along with a notice of appeal. Why should this be different? That is an interpretation that we have not taken in this case. The question isn't whether. You're saying you're not going to answer why it should be different? No, but we're not arguing that it should be different. But all roads in this case lead to the factual question under 38 CFR 3.155 about whether this document, this Form 9 from September 2003, was an informal claim to reopen. There's a factual inquiry that that regulation requires, which is whether it displays an intent to make a claim for benefits. So you're saying this pro se widow was entitled to understand the lawyer's distinction between a notice of appeal and a claim to reopen and a statement of concern? This is not an instance of form over substance. In this case, the Board of Veterans' Appeals, which is the fact finder here— Just told us it was a matter she used for the wrong form. It's not a matter that she used the wrong form. It should count for something that the claimant here actually disclaimed at the hearing, that there was any documents that was a claim to reopen prior to the one that was actually granted. But the Board of Veterans' Appeals and the VA here didn't stop there. The Board went on to review the record to determine if there was anything in the record during the specific period we're talking about, the period from 2002 when her original claim was denied until 2004 when her new claim to reopen that was actually granted first came in, and said, is there anything in the record that we can look at under this regulation and discern an intent to reopen the claim? And the Board made two explicit factual findings, which are at page 157 of the record. To be very clear, it's also perfectly clear from the Board's decision, which is again the fact finder here, that it applied both of the regulations that Ms. Akers is arguing here correctly under the interpretations of those regulations that Ms. Akers verges. Again, those two factual findings are at page 157 of the record. The first is at the top of the page in the Board's decision where the Board said that the appellant, that's Ms. Akers, did not submit a claim to reopen her previously disallowed claim until the instant claim to reopen was submitted in July 2004. So the question isn't whether VA-9 was a claim, but whether it was a claim to reopen. Well, it generally had a claim, which was denied. The question is whether it was a second claim. There's no dispute in this case that there were two claims. There was an initial claim where Ms. Akers initially sought benefits, was not able to establish the connection, and ultimately did not file a timely appeal, and that claim became final. She then filed a second claim in July of 2004 to reopen. And when she filed that second claim, she again in that case did not submit the new and material evidence upon which her claim was ultimately granted until several years after that. But it isn't a question whether the language in Block 10 on the Form 9 amounted to an informal request to reopen? Yes. Yes, that is the question. And I hope to both answer your question and to continue my thought by saying the issue in this case is whether the VA, having given Ms. Akers the most generous date possible for the date on which she filed her second claim, now needs to go even further back and treat this appeal as if it was the initiating document for the second claim, rather than simply an untimely effort to appeal the first claim. And that gets into fact questions. Exactly. And to answer both of Your Honor's questions, that's exactly what gets into fact questions, because the question about whether this document is an informal claim hinges on this determination under 38 CFR 3.155 about whether it evidences an intent to apply for benefits. And this Court has repeatedly ruled, and we've cited those cases in page 12 of our brief, 12 to 13, but particularly I would point Your Honor to the Warren case, where this Court has very clearly said that the question of whether a document, this document, the Form 9, expresses an intent to apply for benefits is a factual question. So what form should she have used? There's no requirement that Ms. Akers should have used a particular form, but there is a requirement that she display an intent to apply for benefits. And here the Form 9, whether or not it theoretically could have, one could have written something on the Form 9 that would have convinced the fact finder that it was indeed a claim to reopen, rather than simply an untimely effort to appeal the previous claim. That's not what happened here. And the Board made explicit factual finding saying there is nothing in the record, in the middle of page 157, there is nothing in the record that evidences an intent, during the relevant period where this is really the only essentially substantive document involved, saying there's nothing in the record that evidences an intent to apply for benefits. What's in the record is the subsequent document entitled Statement in Support of Claim, as if it was already a claim, as if she thought it was already a claim. You're saying that should not be interpreted in her favor? Two responses, Your Honor. The first is that that question about whether these documents display an intent is, again, a factual question. In other words, the Court doesn't have jurisdiction. But even if we were to take on that factual question, that document from July 2004, which is at pages 58 and 59 of the record, is what was ultimately deemed a claim to reopen. And it has a fairly extensive factual recitation. And it only supports the factual conclusion that the Board reached here. Because the Board, I'm sorry, because as we pointed out in our brief, it doesn't make any claim that I am continuing the claim I started in September 2003. It says I did all these things, none of which say I began this claim in September 2003, but says here is my claim to reopen and I'm attaching new material evidence. Now this is a very fine line here. But as Judge Newman points out, we've got a widow here. It's a very sympathetic situation. But your view, no doubt, is that Congress drew a line with respect to this Court's review where factual questions are involved. That's correct. And at the end of the day, all the VA can do is apply the law and regulation as written. Ms. Akers, in order to obtain benefits, Ms. Akers was required to file a claim to reopen her claim. There's no dispute in this case that her original claim became final. She ultimately did do that. And even though it took her several years to supply the evidence necessary to have her claim granted, the VA related it back correctly. And that's another important point here. When we talk about whether the board misunderstood the new material evidence statute 38 CFR 3156, the board in this case, again, the fact finder that made the finding that there's nothing in the record also applied the same understanding of 3156 that Ms. Akers urges here. If you look at the last paragraph on page 157, the board, in this case, gave Ms. Akers the first date on which she filed her claim to reopen rather than the date on which she filed the new and material evidence that ultimately formed the basis for the grant of benefits. The point being, the board, in making the determination that there was no intent on the record prior to the date on which it was granted, I'm sorry, prior to the July 2004 date on which Ms. Akers was ultimately given, clearly had the correct understanding of how to apply section 3156 relating to when one has to submit new and material evidence. So you're saying that there's no basis when she filed the claim in October 2003, when she filed the form, the only form that exists, that she really intended to ask for anything? She was just passing the time? What the board determined was that she was attempting, unfortunately, in an untimely manner, to appeal the previous denial of her claim. And sometimes an untimely substantive appeal is just an untimely substantive appeal. The document, again, getting deep into the facts, says I'm seeking a hearing, which is in front of the board, which is connected with an appeal. It says I'm appealing my case and I believe that my husband's death was service-connected. In other words, I disagree with the finding below. But the board ultimately determined that this document does not display an intent to apply for benefits. And in order to obtain an additional 10 months of benefits, Ms. Akers has to overcome that finding. But the board clearly made the finding here and it was clearly relying on the correct interpretation of 3156. And with respect to the other regulation, 38 CFR 3155, it quoted the regulation in full and then in making the finding essentially parroted the language of the regulation. So this isn't a case where we're talking about form over substance. The board didn't just take Ms. Akers' word for it that she hadn't filed a claim to reopen prior to 2004, but it actually searched the record trying to see if there was anything that displayed intent and determined that it didn't. And on that basis, having made those factual findings, either it is appropriate for this court to dismiss this appeal because at its core, what Ms. Akers is asking is for this court to reopen or relitigate those core factual findings that the board made, or simply to affirm the board's decision as affirmed by the Veterans Court that there was nothing in the record displaying an intent to apply for benefits such that Ms. Akers would not apply for benefits. How can we affirm that under our statute? Well, I... You're saying dismiss or affirm. But your argument is in favor of dismiss, so how can we affirm? The way to affirm it would be that ruling that the board did not misinterpret Section 3156 or Section 3155 in making this essentially factual determination. Sounds to me like application of law of fact. It does to me too, Your Honor, and that's why we believe that this case is within this court's jurisdiction. Any more questions? Any more questions? Thank you, Mr. Kirby. Thank you, Your Honor. Please, Your Honor, I'm bewildered by the government's presentation here. The government talked almost exclusively about the factual determination by the board. What's before this court for review is the decision of the Veterans Court. I understood the government to suggest, at least by implication if not by outright concession, that they conceived that the Veterans Court misinterpreted 3.156A because evidence does not have to accompany a claim to reopen. Now, Mrs. Akers, before the Veterans Court, presented the factual questions that the government wanted to argue before this court. But the Veterans Court ducked that issue because of their misinterpretation of 3.156A. The Veterans Court decision does not address 3.155A. It does not make any of the factual determinations necessary because it concluded that it couldn't be, as a matter of law, an informal claim because it didn't meet the criteria under 3.156A because the evidence needed to accompany that application in September of 2003. That is a misinterpretation of the regulation. That fact has been at least implicitly conceded by the government in this appeal. If this court disagrees that the facts in this case are in fact undisputed in this record, then this court must remand for the court to address the argument presented by Mrs. Akers of whether or not the VA-9 did or did not arise to an informal claim under 3.155A. Because... Didn't the court decide that it held that it did not submit a claim to reopen when she filed a form of... That's precisely what... But the Veterans Court did not reach that issue because the Veterans Court said that that VA-9 did not have accompanied with it due and material evidence, and therefore she could not gain the benefit of 3.155A because she didn't meet the requirements of 3.156A. So that's your question of law. That is the question of law that is presented in this case. That's the first question. The question in the alternative is the interpretation 3.155A, which this court may reach under Linville because the Veterans Court did not. Or this court may choose to say, we find these facts are in dispute, and therefore we remand based upon misinterpretation of 3.156A for the court to address the question of how these facts apply to 3.155A, and then we can come back here and determine whether or not the Veterans Court did or did not correctly apply 3.155A. Unless there's further questions from the panel. No questions. Thank you, Mr. Carpenter. Thank you very much.